# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:14-cr-00293-JAD-PAL |
| Plaintiff | |
| v. | **Order Denying Motion to Vacate, Set Aside, or Correct Sentence** |
| Ricardo Ramirez-Turcios, | [ECF No. 40] |
| Defendant | |

    Pro se federal prison inmate Ricardo Ramirez-Turcios brings this § 2255 motion to vacate his 70-month sentence in light of the United States Supreme Court's decision last term in *Johnson v. United States*, which held the Armed Career Criminal Act's (ACCA's) residual clause void for vagueness.[1] In February 2015, Ramirez-Turcios pleaded guilty to being a deported alien found unlawfully in the United States and, in June 2015, he was sentenced to 70 months in prison.[2] Turcios argues that he is entitled to a reduced sentence under *Johnson* because he received a 12–16 offense-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A) based on a prior Nevada battery-domestic violence conviction that no longer qualifies as a crime of violence.[3]

    *Johnson* does not provide Ramirez-Turcios any relief because he was not sentenced as an armed career offender under the ACCA, let alone under the Act's residual clause invalidated in *Johnson*. If Ramirez-Turcios had been sentenced under the ACCA, he would have been subjected to a mandatory minimum term of fifteen years' imprisonment. Both Ramirez-Turcios's 70-month sentence and the offense of conviction belie his claim that he was adjudicated an armed career

---

[1] ECF No. 40; *Johnson v. United States*, __U.S.__, 135 S.Ct. 2251, 2258 (2015).

[2] ECF No. 24.

[3] ECF No. 31.

criminal under the ACCA's residual clause,[4] and *Johnson* is therefore inapplicable.

If the rule announced in *Johnson* applies retroactively to sentencing enhancements under § 2L1.2 at all, it would be to certain enhancements under § 2L1.2(b)(1)**(C)**, not § 2L1.2(b)(1)**(A)**. Section 2L1.2(b)(1)(C) provides enhanced penalties for an alien who was previously deported after receiving a conviction for an "aggravated felony," while § 2L1.2(b)(1)(A)—the section under which Ramirez-Turcios received an enhancement—provides enhanced penalties for prior convictions for "crimes of violence," which include certain enumerated offenses and any other offenses "that ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another."[5] Post-*Johnson*, the Ninth Circuit Court of Appeals invalidated 18 U.S.C. § 16(b) as incorporated in § 2L1.2(b)(1)(C) because its definition for aggravated felony includes an "offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"—which is almost identical to the ACCA's now invalidated residual provision.[6] Thus, while § 2L1.2(b)(1)(C) incorporates the problematic language from the ACCA's residual clause, § 2L1.2(b)(1)(A) does not; in fact, § 2L1.2(b)(1)(A) incorporates language from the ACCA's force clause—language that the Supreme Court left undisturbed in *Johnson*. Because Ramirez-Turcios was not sentenced under the ACCA, and he has not demonstrated that the rule announced in *Johnson* applies to sentencing enhancements under § 2L1.2(b)(1)(A), Ramirez-Turcios's motion to vacate sentence is denied.

---

[4] The ACCA applies only to people who violate 18 U.S.C. § 924(g) and have three prior convictions for violent felonies or serious drug offenses. Ramirez-Turcios was convicted under 8 U.S.C. § 1326, not 18 U.S.C. § 924(g).

[5] U.S.S.G. § 2L1.2 commentary (B)(iii).

[6] *United States v. Hernandez-Lara*, 817 F.3d 651, 653 (9th Cir. 2016) (quoting 18 U.S.C. § 16(b) as incorporated in U.S.S.G. § 2L1.2(b)(1)(c)).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Ramirez-Turcios's motion to vacate sentence under 28 U.S.C. § 2255 in light of** *Johnson v. United States* **[ECF No. 40] is DENIED.**

Dated this 13th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge